UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:09-cr-03-TWP-MGN |
| | ) | |
| BRENDA MUDD, | ) | |
| | ) | |
| Defendant | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Tanya Walton Pratt, U.S. District Court Judge, on June 13, 2011, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on June 9, 2011, and to submit to Judge Pratt proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e) and (g). All proceedings in this matter were held on July 13, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. The defendant, Brenda Mudd, appeared in person with her appointed counsel, Jennifer H. Culotta. The government appeared by A. Brant Cook, Assistant United States Attorney, via telephone. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On June 13, 2011, Jennifer H. Culotta was present for the initial hearing and was appointed by the Court to represent Brenda Mudd regarding the pending Petition on Offender Under Supervision.

1

2. Ms. Mudd advised the Court that her married name is Brenda Carr[1].

3. A copy of the Petition on Offender Under Supervision was provided to Mrs. Carr and her counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

4. Mrs. Carr was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

5. Mrs. Carr was informed that she would have the right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

6. Mrs. Carr was afforded the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

7. Mrs. Carr was informed that, if the preliminary hearing resulted in a finding of probable cause that Mrs. Carr had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Pratt's designation entered on June 13, 2011.

8. At that time the defendant by counsel stated her readiness to proceed with the revocation hearing, thereby waiving the necessity to have a preliminary examination and detention hearing.

9. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

---

[1] The Court then proceeded to recognize Defendant, Brenda Mudd, as Brenda Carr, and therefore all further references to Brenda Carr or Mrs. Carr herein shall be considered references to Defendant, Brenda Mudd.

10. The parties stipulated the following in open Court:

   (a) As to Violation Numbers 1 through 4 of the Petition for Offender Under Supervision, the defendant admitted in open Court that she had violated these conditions.

   (b) The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would serve ten (10) months imprisonment with no term of supervised release to follow.

11. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 4 of said Petition. The Court placed Mrs. Carr under oath and inquired of her whether she admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mrs. Carr admitted the violations contained in Violation Numbers 1 through 4. The Court specifically inquired of Mrs. Carr whether she was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mrs. Carr that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mrs. Carr answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 4. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

| | |
|---|---|
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

> On April 20, 2009, the offender admitted consuming one oxycodone pill on April 13, 2009. She signed a written admission and provided a complete written statement regarding the circumstances of her use.
>
> On April 5, 2010, the offender was interviewed after an investigation revealed questionable prescription drug activity. She admitted purchasing oxycodone pills illegally, taking them "every other day," and selling oxycodone pills illegally on one occasion in late March 2010. Pursuant to Indiana state law IC 35-48-2-6, oxycodone is a schedule II controlled substance. Dealing a schedule II controlled substance is a Class B felony, pursuant to IC 35-48-4-2, and possession of such a drug without a prescription is a Class D felony, pursuant to IC 35-48-4-7.
>
> On January 31, 2011, the offender submitted to a drug test that confirmed she consumed cocaine. On February 9, 2011, she supplied a written admission and verbal account of her drug use. She admitted consuming powder cocaine with friends at a tavern.
>
> In April and May 2011, the offender tested positive for opiates on numerous occasions and an investigation ensued. On June 1, 2011, the offender was interviewed and admitted purchasing Lortab pills from an associate she met through her employment. She admitted purchasing pills "three or four times over the past six months." The offender recalled purchasing four Lortab pills on April 8, 2011, and consuming the pills over the course of 48 hours. She admitted purchasing two Lortab pills on May 8, 2011, and consuming them the same day. The offender signed written admissions of drug use for the positive drug tests collected on April 14, 19, and May 13, 2011.

12. Based on the information available to the Court, the Court further finds the

following:

    (1) Mrs. Carr has a relevant criminal history category of I. *See,* U.S.S.G.

    §7B1.4(a).

(2) The most serious grade of violation committed by Mrs. Carr constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

(3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mrs. Carr is 12 - 18 months.

(4) The appropriate disposition for Mrs. Carr's violation of the conditions of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with no term of supervised release to follow.

(b) The Court further recommends the Defendant be designated to the Alderson, West Virgina facility for her term of imprisonment.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of her supervised release as set forth in Violation Numbers 1 through 4 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Brenda Mudd n/k/a Brenda Carr shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with no term of supervised release to follow. The defendant shall be released from the custody of the United States Marshal and shall self-surrender to the Bureau of Prisons upon notification of her designation by the United States Probation Office. The Court further recommends the Defendant be designated to the Alderson, West Virginia facility for her term of imprisonment.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Tanya Walton Pratt, District Judge, as soon as practicable, a

supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Brenda Mudd n/k/a Brenda Carr's supervised release.

**IT IS SO RECOMMENDED** this 14th day of July, 2011.

_____
Michael Naville
United States Magistrate Judge
Southern District of Indiana

Distribution:

A. Brant Cook
brant.cook@usdoj.gov

Jennifer H. Culotta
jennifer@culottalaw.com

U.S. Marshal

U.S. Probation Office